UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| NORMAN BARTSCH HERTERICH,<br><br>    Plaintiff,<br><br>       v.<br><br>MARY E. WISS, et al.,<br><br>    Defendants. | Case No. 21-cv-04078-LB<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Re: ECF No. 13 |

# INTRODUCTION

The plaintiff sued a Superior Court judge and nine appellate justices who upheld the Superior Court judge's rulings denying his claim to a share of his alleged father's estate. The plaintiff claimed that their orders violated the U.S. Constitution in several ways: (1) their discriminatory treatment of him violated the Equal Protection Clause of the Fourteenth Amendment; (2) their denial of his share of the estate was without process, in violation of the Due Process Clause of the Fourteenth Amendment; (3) their denial was an unreasonable seizure in violation of the Fourth Amendment, and (4) it was an unlawful taking in violation of the Fifth Amendment.[1] The defendants moved to dismiss on grounds that include preclusion of the lawsuit under the *Rooker-*

---

[1] Compl. – ECF No. 1 at 6. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 21-cv-04078-LB

*Feldman* doctrine. The court can decide the motion without oral argument, N.D. Cal. Civ. L. R. 7-1(b), and dismisses all claims with prejudice.

## STATEMENT

Hans Herbert Bartsch died on October 25, 2008, leaving a will. Arndt Peltner allegedly transcribed and drafted the will, and Peltner's lawyer, Alice Traeg, "prepared it for execution." In the will, Bartsch said that he had no children. On November 17, 2008, Peltner and Traeg filed a petition in San Francisco County Superior Court to administer Bartsch's estate and probate the will. On April 1, 2009, the plaintiff filed a pretermission petition claiming that he was an omitted child of Bartsch and was entitled to inherit a portion of the Bartsch estate. He alleged that Bartsch did not believe or had forgotten that he had a child (but would have provided for that child in his will had he believed that he had a living child).[2]

On December 30, 2011, after discovery on the issue, the court denied the plaintiff's pretermission petition, finding that the plaintiff was not a pretermitted child under California Probate Code § 21622.[3] The plaintiff appealed the decision to the California Court of Appeal, which affirmed. It also denied the plaintiff's petition for rehearing on February 28, 2014.[4] The California Supreme Court denied his petition for review of the lower court's decision.[5] In a separate lawsuit, the plaintiff sued Peltner and Traeg for civil fraud.[6]

On January 21, 2016, the plaintiff moved for reconsideration of the probate court's denial of the pretermission petition in part based on the California Supreme Court's decision in *Estate of Duke*, 61 Cal. 4th 871 (2015). The court denied the motion on March 4, 2016. The plaintiff then petitioned the California Court of Appeal to recall the remitter and reinstate his appeal, and the

---

[2] *Id.* at 10 (¶¶ 26, 34), 11 (¶ 42), 12 (¶¶ 44, 47).
[3] *Id.* at 20 (¶ 85).
[4] *Id.* at 22 (¶ 97) (Case No. A135322), 24 (¶ 105).
[5] *Id.* at 24 (¶¶ 106, 107) (Case No. S216699).
[6] *Id.* at 25 (¶ 108) (Case No. CGC-12-523942).

court denied the petition on April 27, 2016. The plaintiff petitioned the California Supreme Court to review the Court of Appeal's denial, and the Supreme Court denied review on June 22, 2016.[7]

The plaintiff apparently filed a collateral attack to set aside the pretermission petition and other lawsuits to inherit Bartsch's assets "without disturbing the denial of the Pretermission Petition." The appellate court ruled against him, issuing remittiturs in five cases on July 18, 2019. "Upon issuance of those remittiturs, Herterich exhausted all known and available state remedies for the improper deprivation of his right to inherit Bartch's assets."[8]

In this lawsuit, the plaintiff sued the judicial officers who ruled against him: (1) the Honorable Mary E. Wiss, the San Francisco Superior Court judge who denied his pretermission petition; (2) the Honorable Robert L. Dondero (ret.), the Honorable Sandra L. Margulies, and the Honorable Diana Becton, the California Court of Appeal justices who denied his appeal; and (3) the Honorable Tani Cantil-Sakauye, the Honorable Carol Ann Corrigan, the Honorable Kathryn Mickle Werdegar (Ret.), the Honorable Goodwin Hon Liu, the Honorable Mariano-Florentino Cuéllar, and the Honorable Leondra Reid Kruger, all California Court Supreme Court justices.[9] He brings four claims against all defendants, claiming that by denying his pretermission petition and related appeals, they (1) treated him differently than similarly situated persons, in violation of the Equal Protection Clause of the Fourteenth Amendment, (2) denied him his right to property (in the form of the Bartsch estate) without a fair hearing, in violation of the Due Process Clause of the Fourteenth Amendment, (3) unreasonably seized his property interest in the Bartsch estate, in violation of the Fourth Amendment, and (4) took his property without just compensation, in violation of the Fifth Amendment. He seeks declaratory relief, injunctive relief, and damages.[10]

---

[7] *Id.* at 29–30 (¶¶ 121–26).

[8] *Id.* at 31 (¶¶ 129–30) (Case Nos. A155109, A155400, A156231, A156367, A156317; *see also* Case No. A151783).

[9] *Id.* at 4–5 (¶¶ 5–11).

[10] *Id.* at 36–41 (¶¶ 143–53, ¶¶ 155–63, ¶¶ 165–70, ¶¶ 172–81).

The defendants moved to dismiss for lack of subject-matter jurisdiction (including under the *Rooker-Feldman* doctrine) and for failure to state a claim (in part based on absolute judicial immunity).[11] All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[12]

## LEGAL STANDARD

### 1. Rule 12(b)(1)

A complaint must contain a short and plain statement of the ground for the court's jurisdiction. Fed. R. Civ. P. 8(a)(1). The plaintiff has the burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

A Rule 12(b)(1) motion may either attack the sufficiency of the complaint to establish federal jurisdiction (a facial challenge) or allege a lack of jurisdiction that exists despite the formal sufficiency of the complaint (a factual challenge). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). This is a facial attack. A facial attack asserts lack of federal jurisdiction based on the complaint alone, and the court must "accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

Dismissal of a complaint without leave to amend should only be granted where the jurisdictional defect cannot be cured by amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### 2. Rule 12(b)(6)

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. See *Bell Atl. Corp. v.*

---

[11] Mem. – ECF No. 14.

[12] Consents – ECF No. 9, 15–17.

ORDER – No. 21-cv-04078-LB          4

*Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parenthetical omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. See *id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). This is particularly true where a plaintiff represents himself. "A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

## ANALYSIS

The defendants moved to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) on several grounds: (1) the court does not have subject-matter jurisdiction under the *Rooker-Feldman* Doctrine and the Eleventh Amendment; (2) the plaintiff lacks Article III standing; (3) the defendants have absolute judicial immunity; (4) the statute of limitations bars the claims; and (5) the plaintiff does

not plausibly plead civil-rights violations.[13] The court dismisses the case primarily for lack of subject-matter jurisdiction and on the ground that the defendants are immune from suit.

### 1. *Rooker-Feldman* Doctrine

Under 28 U.S.C. § 1257, only the United States Supreme Court has appellate jurisdiction over state-court judgments. *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam). Thus, under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction to hear direct or de facto appeals from state-court judgments. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 482 (1923); *Fowler v. Guerin*, 899 F.3d 1112, 1119 (9th Cir. 2018); *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). The doctrine is narrow and confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005). Put another way, under the doctrine, when a losing plaintiff in state court brings a suit in federal court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal.

When a federal lawsuit is barred, at least in part by the *Rooker-Feldman* doctrine, a federal court must refuse to decide any issue that is "inextricably intertwined" with the state court's decision because "[i]f the constitutional claims presented to United States District Courts are inextricably intertwined with a state court's denial in [a] judicial proceeding . . . , then the District Court is in essence being called upon to review the state court decision. This the District Court may not do." *Feldman*, 460 U.S. at 483 n.16. To determine whether allegations in the complaint are "inextricably intertwined" with the state court's decision, the court considers whether "the relief requested would effectively reverse the state court decision or void its ruling." *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25

---

[13] Mem. – ECF No. 14 at 9–15.

(1987) (a claim is inextricably intertwined with a state court judgment if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.").

The plaintiff wants injunctive relief and the monetary value of the relief he would have received under a "Constitutionally compliant determination of the Pretermission Petition on the merits," including compensation for the alleged taking of his property interest in the Bartsch estate, plus fees and costs.[14] Without reversing the state courts' decisions, the plaintiff would be entitled to no relief at all.

For example, he says, "the Complaint asks the Court to provide him with an alternative outcome which is compatible with [the requirements of the Equal Protection Clause]."[15] This is a de facto appeal of the state courts' decisions. Similarly, his allegations that the state court rulings — disinheriting the plaintiff in a discriminatory way in violation of the Equal Protection Clause, and as a deprivation of property without due process, an unreasonable seizure of property in violation of the Fourth Amendment, and an unconstitutional taking in violation of the Fifth Amendment — do not allow relief by this court without reviewing and reversing the rulings by the state courts.

The plaintiff cites cases where the *Rooker-Feldman* doctrine did not bar claims, but the cases do not change the outcome here. In short, the cases are not collateral attacks on state-court decisions as constitutional violations. *See, e.g.*, *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004) (challenging a third-party's fraud before a state court that led to an adverse outcome). By contrast, the lawsuit here is a collateral attack on state-court decisions. Under the *Rooker-Feldman* doctrine, the court lacks subject-matter jurisdiction over the plaintiff's claims because they are de facto appeals of the state-court decisions. In similar cases in this district involving the plaintiff, the court has reached the same result. *Herterich v. Goldsmith*, No. C 20-3992 SBA, 2020 WL 6576164, at *7 (N.D. Cal. Oct. 9, 2020); *Herterich v. City & Cnty. of San Francisco*, No. C 19-7754 SBA, Order – ECF No. 47 at 9–15 (N.D. Cal. June 2, 2020).

---

[14] Compl. – ECF No. 1 at 41–42 (¶ 180–83).

[15] Opp'n – ECF No. 23 at 17.

**2. Other Grounds for Dismissal**

The defendants assert other grounds for dismissal: (1) the Eleventh Amendment's bar of suits against state officials in their official capacity; (2) the plaintiff's lack of standing; (3) judicial immunity; (4) the statute of limitations; and (5) a failure to plausibly plead a civil-rights violation. There are many reasons that bar this lawsuit, in addition to the *Rooker-Feldman* doctrine. For one, this is a lawsuit against judges. They are immune from liability for damages about their decisions arising out of the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Sharnese v. California*, 547 F. App'x 820, 822–23 (9th Cir. 2013). Also, the claims are barred by the statute of limitations, which is two years for the civil-rights claims. *West Shield Investigations & Sec. Consultants v. Super. Ct.*, 82 Cal. App. 4th 935, 953 (2000).

The court touches on these other grounds for dismissal but in short, dismisses the case for lack of subject-matter jurisdiction.

## CONCLUSION

The court dismisses the case with prejudice.

**IT IS SO ORDERED.**

Dated: September 20, 2021

_____
LAUREL BEELER
United States Magistrate Judge