UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| NORMAN BARTSCH HERTERICH, | Case No. 21-cv-04078-LB |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT** |
| MARY E. WISS, et al., | |
| Defendants. | Re: ECF No. 28 |

# INTRODUCTION

The plaintiff moved to alter or amend judgment against him filed on September 20, 2021.[1] The court ordered dismissal of the plaintiff's complaint against a Superior Court judge and nine appellate justices who upheld the Superior Court judge's rulings. The plaintiff filed this motion under Fed. R. Civ. P. 59(e), which allows judgments to be amended where the court committed an error upon which the judgment is based. Upon review, the court finds none of these errors rise to the level of Rule 59(e) and DENIES the motion.

---

[1] Mot. to Alter or Amend Judgment – ECF No. 28. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 21-cv-04078-LB

**STANDARD & ANALYSIS**

A district court can "reconsider" final judgments under Rule 59(e). *See Balla v. Idaho Bd. of Corr.*, 869 F.2d 461, 466–67 (9th Cir. 1989). Reconsideration is appropriate when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "But amending a judgment after its entry remains an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (cleaned up).

Under this District's Civil Local Rules, a party seeking reconsideration must first request permission from the court before filing a motion for reconsideration. N.D. Cal. Civil L.R. 7-9; *see, e.g.*, *Thomas v. County of Sonoma*, No. 17-cv-00245-LB, 2017 WL 2500886, at *2 (N.D. Cal. June 9, 2017) (Local Rule 7-9 applies to motions for reconsideration under Rule 59(e)). In seeking permission, the party must show that (1) at the time of the motion, a material difference in fact or law exists that was not previously presented to the court, (2) there has been an emergence of new material facts or a change in law since the court issued the order, or (3) there was a "manifest failure by the Court to consider material facts or dispositive legal arguments" that were presented. N.D. Cal. Civ. L.R. 7-9(b). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." N.D. Cal. Civ. L.R. 7-9(c). A motion to alter or amend judgment may be granted where "necessary to correct manifest errors of law or fact upon which the judgment is based." *Turner v. Burlington Northern Santa Fe Railroad*, 338 F.3d 1058, 1063 (9th Cir.2003) (emphasis omitted) (citations omitted).

None of the three grounds Mr. Herterich put forth in his motion meets this standard. First, the court dismissed this case for lack of subject-matter jurisdiction and issued no other holdings on other grounds for dismissal.[2] The holding is unambiguous and rests entirely on lack of subject-matter

---

[2] Order – ECF No. 26 at 8 ("The court touches on these other grounds for dismissal but in short, dismisses the case for lack of subject-matter jurisdiction.").

ORDER – No. 21-cv-04078-LB          2

jurisdiction. Second, the court's description of Mr. Bartsch as the plaintiff's "alleged father" and the grammatical correction made by the plaintiff are not "errors of law or fact upon which the judgment is based." *Turner*, 338 F.3d at 1063 (emphasis omitted). Thus, the "extraordinary remedy" of amending the judgment is not necessary here. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

## CONCLUSION

In conclusion, the court denies the motion because the plaintiff has not cited to any error in the court's order that justifies the extraordinary remedy of amending or altering the judgment.

**IT IS SO ORDERED.**

Dated: October 5, 2021

_____
LAUREL BEELER
United States Magistrate Judge